***E-FILED - 7/11/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERTO JUAREZ, | ) | No. C 05-0019 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING PETITIONER'S MOTION FOR DISMISSAL AND TO AUGMENT |
| vs. | ) ) ) | |
| DIRECTOR OF CORRECTIONS, | ) ) | (Docket Nos. 41, 45) |
| Respondent. | ) ) | |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 3, 2005. On October 18, 2005, the court ordered respondent to file a motion to dismiss the petition as untimely or a notice that such a motion is unwarranted. Respondent filed a motion to dismiss the petition as untimely on December 21, 2005. Petitioner then submitted numerous letters to the court, including, on February 7, 2006, a letter opposing the motion to dismiss (docket no. 25) (hereinafter "opposition"). On September 27, 2006, the court ordered respondent to file a reply brief, and respondent filed a reply brief on October 13, 2006. Based upon the papers submitted, the court concludes that the petition is untimely and DISMISSES the instant petition pursuant to 28 U.S.C. §2244(d)(1).

## BACKGROUND

Petitioner was convicted in 1995 in Santa Clara County Superior Court of possession of a controlled substance for sale and offering to sell a controlled substance. Based on enhancements for prior convictions, the trial court sentenced petitioner under California's "Three Strikes Law" to a term of 25-years-to-life in state prison. On direct appeal, the California Court of Appeal affirmed the judgment on January 29, 1999, and the California Supreme Court denied the petition for direct review on April 14, 1999. See Resp. Exhs. 2-3. Thereafter, petitioner filed numerous state habeas petitions in Amador and Santa Clara County Superior Courts, the California Court of Appeal, and the California Supreme Court. He has also filed several habeas actions in this court, including the instant action on January 3, 2005.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[1] "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitation period begins on the date the ninety-day period defined by Supreme Court Rule 13 expires. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review).

---

[1] In rare instances, not presented by the instant petition, the limitation period may run from a date later than the date on which the judgment became final. See U.S.C. § 2244(d)(1)(B)-(D).

1  The California Supreme Court denied the petition for review on direct appeal on
2  April 14, 1999.  See Resp. Exh. 3.  The judgment became "final" under 28 U.S.C. §
3  2244(d)(1)(A) ninety days thereafter, on July 13, 1999, when the time period for seeking
4  a petition for writ of certiorari in the United States Supreme Court expired.  Accordingly,
5  petitioner had until July 13, 2000 to file his federal habeas petition.  Petitioner did not file
6  the instant petition until January 3, 2005, approximately four and a half years after the
7  expiration of the limitations period.  Therefore, absent tolling, the instant petition is
8  untimely.

9  The one-year statute of limitations is tolled under 28 U.S.C. § 2244(d)(2) for the
10  "'time during which a properly filed application for state post-conviction or other
11  collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v.
12  Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). A state
13  habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation
14  period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d)
15  does not permit the reinitiation of the limitations period that has ended before the state
16  petition was filed," even if the state petition was timely filed).

17  Respondent attaches five state habeas petitions filed by petitioner in the superior
18  court, on January 30, 2001, March 20, 2001, June 5, 2003, April 1, 2004 and April 14,
19  2004, respectively (Resp. Exh. 4); two habeas petitions filed in the state appellate court,
20  on July 2, 2001, and August 13, 2001, respectively (Resp. Exh. 5); and three habeas
21  petitions filed in the state supreme court, on September 26, 2002, October 14, 2003, and
22  December 23, 2004, respectively (Resp. Exh. 6).[2]  All of these state habeas petitions were
23  filed after the statute of limitations had already expired, on July 13, 2000, however, and,

---

[2] Respondent also attaches a habeas petition filed on February 18, 1999 (Resp. Ex. 5), but incorrectly identifies it as a state habeas petition filed in the California Court of Appeal.  Tthe file-stamp and case number of that petition indicates that it was filed in this court (Case No. C 99-20121 RMW (PR)), not in state court.  The running of the limitation period is not tolled for the period during which this federal petition was pending.  See Duncan v. Walker,  533 U.S. 167, 180-81 (2001) (federal habeas corpus petition is not an "application for State post-conviction or other collateral review" and thus does not toll the limitations period).

Order Granting Respondent's Motion to Dismiss
P:\pro-se\sj.rmw\hc.05\juarez019mtdtimgrant           3

as such, do not toll the limitations period.

In his opposition, petitioner identifies additional habeas petitions and post-conviction "motions" that he filed in the state courts. Approximately half of these state petitions and motions were filed between March 20, 2001 and November 16, 2005, after the limitations period had expired on July 13, 2000, and as such do not toll the limitations period. The remaining state habeas petitions identified by petitioner were filed between April 30, 1995 and March 5, 1999, before his conviction became final and the statute of limitations period had begun to run, on July 13, 1999. A state habeas petition filed before AEDPA's statute of limitations begins to run and that is still pending when the limitation period commences tolls the limitation period. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Here all of the state habeas petitions that petitioner filed before the limitation period had commenced had already been denied by July 13, 1999, when the limitation period began to run.[3] These state petitions did not toll the limitation period because they were only pending before the limitation period commenced, when there was no limitation period to toll. See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997) (state collateral action filed before commencement of limitations period does not toll the limitations period). Finally, petitioner also lists prior habeas petitions he filed in federal court, but these are not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2), and thus they do not toll the limitation period. See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

In sum, there is no basis for tolling the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). In addition, petitioner does not assert that he is entitled to equitable tolling, nor is there any ground for such tolling apparent in the record. Accordingly, the instant petition is barred as untimely under 28 U.S.C. § 2244(d)(1).

Petitioner has also filed a "motion for dismissal on double jeopardy grounds" (docket no. 41) and a "motion to augment: double jeopardy motion" (docket no. 45).

---

[3] The last of these petitions, filed on March 5, 1999, was denied on April 14, 1999.

1  These motions do not address, let alone establish, the timeliness of the instant petition.
2  Accordingly, these two motions are denied.

### CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. Petitioner's "motion for dismissal on double jeopardy grounds" (docket no. 41) and his motion to augment such (docket no. 45) are DENIED. The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: __7/7/08_____

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge