***E-FILED - 8/7/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERTO JUAREZ, | ) | No. C 05-0019 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY AS UNTIMELY |
| vs. | ) ) | |
| DIRECTOR OF CORRECTIONS, | ) ) | |
| Respondent. | ) ) | |

    Petitioner, a California prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 11, 2008, the court dismissed petitioner's petition as untimely and closed the case. On August 20, 2008, petitioner filed a motion for rehearing to reconsider the denial of his "motion to dismiss on double jeopardy grounds." The court denied the motion for rehearing on September 11, 2008. On March 9, 2009, petitioner filed another motion for rehearing, which the court again denied on April 15, 2009.

    On June 26, 2009, petitioner filed a notice of appeal indicating that he wished to challenge the September 11, 2008 order denying his motion for rehearing. Although petitioner did not file a separate certificate of appealability ("COA"), the court construes his notice of appeal as such. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). For the reasons stated below, petitioner's request for a COA is denied as untimely.

## DISCUSSION

It is too late for petitioner to appeal the order in this matter. Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). Relief from the deadline for filing the notice of appeal may be obtained in the district court under Rule (a)(5) (motion for extension of time to file notice) or Rule 4(a)(6) (motion to reopen time to file appeal). Rule (a)(5) allows a party to move for an extension of time if the party so moves within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. See Fed. R. App. P. (a)(5). Here, petitioner failed to file a request for an extension within the required time.

Even if the court liberally construed petitioner's notice of appeal as a motion for an extension of time to file an appeal, such a request is untimely. The time to appeal provided in Rule 4(a) of the Rules of Appellate Procedure, with exceptions not applicable here, is thirty days from entry of judgment. Rule (a)(5)(A)(i), quoted above, provides that a motion for an extension of time to appeal must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." So, a motion for an extension of time to appeal must be filed no later than sixty days from the date of entry of the order. In this case the order was entered on September 11, 2008, and the motion for an extension of time to appeal was not filed until June 26, 2009. "The procedures set forth in rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions." Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir. 1988). And this court has no discretion to extend the time beyond that allowed by Rule (a)(5). See Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994). That is, this court does not have the power to extend the time to ask for an extension of time to appeal, even if petitioner were to ask for such an extension. Petitioner's motion for an extension of time to appeal was not filed within the time allowed by the rule and thus must be denied.

Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:

1    (A) the motion is filed within 180 days after the judgment or order is entered or within 7
2 days after the moving party receives notice of the entry, whichever is earlier;
3    (B) the court finds that the moving party was entitled to notice of the entry of the
4 judgment or order sought to be appealed but did not receive the notice from the district court
5 or any party within 21 days after entry; and
6    (C) the court finds that no party would be prejudiced.
7 See Fed. R. App. P. 4(a)(6). This restriction applies irrespective of whether the party seeking to
8 appeal has counsel. See Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro
9 se prisoner's motion filed more than 180 days after entry of judgment). Even if the court
10 construed petitioner's June 26, 2009 notice of appeal as a motion to reopen the time for filing a
11 notice of appeal, petitioner has failed to establish that he failed to file a motion within 7 days of
12 receiving notice of the entry, see Fed. R. App. P. 4(a)(6)(A), or that he was entitled to receive
13 notice of the entry of judgment and did not receive it as required under Rule 4(a)(6)(B). Thus,
14 petitioner is not entitled to relief from the deadline for filing a notice of appeal.
15    Accordingly, the court concludes that petitioner's request for a certificate of appealability
16 is untimely.

## CONCLUSION

18    Petitioner's request for a certificate of appealability is DENIED.
19    IT IS SO ORDERED.
20 DATED: __8/5/09_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Request for Certificate of Appealability as Untimely
P:\PRO-SE\SJ.Rmw\HC.05\Juarez019denCOA.wpd    3